# UNITED STATES DISTRICT COURT

## Southern District of California

Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101−8900
Phone: (619) 557−5600
Fax: (619) 702−9900

W. Samuel Hamrick, Jr.,
Clerk of Court

August 25, 2008

Clerk, U.S. District Court
United States District Court Central District of California, Eastern Division
3470 Twelfth Street
Riverside, CA 92501

Re: John Paul Wynn v. West Valley Detention Center, et al., Case No. 3:08−cv−01542−H−BLM

Dear Sir or Madam:

Pursuant to Order transferring the above−entitled action to your District, we are transmitting herewith our entire original file (excepting said Order).

Enclosed are a certified copy of our Docket and the Order transferring the action, the originals of which we are retaining.

Please acknowledge receipt on the copy of this letter and return. Thank you.

Sincerely yours,

W. Samuel Hamrick, Jr.,
Clerk of the Court

By: s/ A. Garcia, Deputy Clerk

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

RECEIVED ITEMS DESCRIBED

THIS DATE OF_________________
AND ASSIGNED CASE NUMBER_________________

CLERK, U.S. DISTRICT COURT

By:__________________________________, Deputy

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL WYNN<br>Inmate Booking #0502342077,<br>Plaintiff,<br>vs.<br>WEST VALLEY DETENTION CENTER; SAN BERNARDINO COUNTY SHERIFF'S DEP'T,<br>Defendants. | Civil No. 08-1542 H (BLM)<br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

John Paul Wynn, currently incarcerated at West Valley Detention Center, located in Rancho Cucamonga, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights have been violated by Deputies with the San Bernardino Sheriff's Department since he has been housed at the West Valley Detention Center beginning in February 12, 2005. (*See* Compl. at 3-4.)

Plaintiff has not prepaid $350 civil filing fee mandated by 28 U.S.C. § 1914(a); however, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.

## LACK OF PROPER VENUE

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims constitutional violations based on events which are alleged to have occurred at the West Valley Detention Center, which is located in San Bernardino County. *See* Compl. at 1-4. Moreover, no defendant is alleged to reside in the Southern District. *See* 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). All Defendants are instead alleged to be employed by San Bernardino County Sheriffs' Department and to reside in San Bernardino County. *See* Compl. at 3-4; *see also* 28 U.S.C. § 84(c) ("The Central District [of California] comprises 3 divisions. (1) The Eastern Division comprises the counties of Riverside and San Bernardino.").

Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: August 25, 2008

**HON. MARILYN L. HUFF**
United States District Judge

[1] Because the Court finds transfer appropriate, it defers ruling on Plaintiff's Motion to Proceed IFP to the Central District [Doc. No. 2] and expresses no opinion as to whether Plaintiff's Complaint alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A.